IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNON CEPHAS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 23-62-RGA |
| | : |
| ROBERY MAY, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| THE STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

## **MEMORANDUM**

Pending before the Court is Petitioner Vernon Cephas' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his conviction in 2016 for unlawful sexual contact (as a lesser included offense for first degree rape), second degree rape, sexual solicitation of a child, and continuous sexual abuse of a child. (D.I. 3) The Petition asserts six grounds for relief: (1) ineffective assistance of counsel for failing to timely file a suppression motion; (2) ineffective assistance of counsel for failing to communicate a plea offer; (3) ineffective assistance of counsel for failing to object to or properly impeach a key witness for the State; (4) judicial bias; (5) prosecutorial misconduct/ineffective assistance of counsel; and (6) the aforementioned cumulative errors deprived Petitioner of his due process right to a fair trial. (D.I. 3)

The Petition provides the following procedural history of Petitioner's case: (1) the Delaware Supreme Court affirmed Petitioner's conviction on July 18, 2017 (D.I 3 at 2); (2) Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on August 28, 2017, which was denied on September 8, 2021 (D.I. 3

at 4-5); (3) the Delaware Supreme Court affirmed the denial of his first Rule 61 motion on May 17, 2022 (D.I. 3 at 7); (4) Petitioner filed a second Rule 61 motion on July 17, 2022, which was denied on August 4, 2022 (D.I. 3 at 5); and (5) the Delaware Supreme Court affirmed the denial of Petitioner's second Rule 61 motion on December 2, 2022 (D.I. 3 at 14).

Petitioner filed the instant Petition on January 1, 2023, along with a Motion for Permission to File Extra Pages (D.I. 5); a Motion to Appoint Counsel (D.I. 6); and a Motion to Stay the Proceeding (D.I. 7). The Petition indicates that Petitioner exhausted state remedies for Claims One through Five, but that he did not exhaust state remedies for Claim Six. In his Motion to Stay, Petitioner asks the Court to stay the instant proceeding so that he can return to the Superior Court and exhaust state remedies for Claim Six. (D.I. 7 at 2)

I. GOVERNING LEGAL PRINCIPLES

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

As a general rule, a federal habeas court may stay a timely filed habeas petition containing both exhausted and unexhausted claims (*i.e.*, a "mixed petition") where: (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not

plainly meritless; and (3) there is an absence of any indication that the petitioner engaged in potentially dilatory tactics. *See Rhines v. Weber*, 544 U.S. 269, 270, 277-78 (2005). Good cause typically requires a showing that exhaustion will likely result in the petition being time-barred by the one-year limitations period in 28 U.S.C. § 2244. *See Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) ("In *Heleva*, we observed that the time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the 'good cause' determination from *Rhines*."); *Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009). In addition, the Supreme Court has stated that, when it is unclear whether a petitioner's state filing is timely so as to qualify him for § 2244(d)(2) tolling, he may ensure his compliance with his federal filing deadline by filing a "protective" petition in federal court and asking the federal court to stay and abey the proceeding until state remedies are exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

## II.   DISCUSSION

Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims. He has expressly indicated a desire to return to state court to exhaust state remedies for his unexhausted claim. Based on the statements in the Petition, the Court concludes that dismissal of the mixed Petition will not jeopardize the timeliness of a future habeas petition.[1]

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the judgment of conviction becoming final, and the limitations period is tolled during the pendency of properly filed applications for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(1),(2). It appears that Petitioner's conviction became final in mid-October 2017. But, given the timing of the filing of his first Rule 61 motion and subsequent post-conviction appeal, it appears that the statute of limitations did not begin to run until May 2022. Consequently, Petitioner is not in danger of running afoul of the statute of limitations provided he diligently pursues his state court remedies.

Accordingly, summary dismissal is appropriate because it plainly appears that Petitioner is not entitled to federal habeas relief.

Having decided to dismiss the entire Petition without prejudice, Petitioner's motion to stay the Petition is moot. Furthermore, the Court is authorized to stay a mixed petition only if the petitioner had good cause for his failure to exhaust state remedies, the unexhausted claim is not plainly meritless, and dismissal of the mixed petition could jeopardize the timeliness of a subsequent habeas petition. *See Rhines v. Weber*, 544 U.S. 269 (2005). Here, Petitioner has not demonstrated good cause for his failure to exhaust the cumulative error claim, and, as previously explained, the timeliness of a future habeas petition is not jeopardized.

## III. CONCLUSION

Given these reasons, the Court will summarily dismiss Petitioner's § 2254 Petition without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate order follows.

Dated: February 2, 2023

UNITED STATES DISTRICT JUDGE